# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

WELLS FARGO BANK, N.A.,

    **Plaintiff,**

v.          Civil Action No. 3:10-CV-1831-M-BK

YOKITHA HAM TETTEH, et al.,

    **Defendants,**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Plaintiff's *Motion to Remand* and *Amended Motion to Remand*. (Docs. 5, 6). For the reasons set forth herein, Plaintiff's *Amended Motion to Remand* (Doc. 6) should be granted and Plaintiff's *Motion for Remand* (Doc. 5) should be denied as moot.[1]

## BACKGROUND

Plaintiff initiated this action against the *pro se* Defendants in state court for forcible detainer after Plaintiff purchased Defendants' property at a non-judicial foreclosure sale for approximately $152,000 in August 2009, but Defendants refused to vacate the premises. (Doc. 1 at Exh. E). Defendants did not respond to Plaintiff's state petition, and a county justice of the peace entered a default judgment in Plaintiff's favor. (Doc. 1 at Exh. D, J). Defendants then

---

[1] Although there is no binding precedent in this Circuit addressing whether a magistrate judge may adjudicate a motion to remand, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp.2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

appealed to county court, but in September 2010, they removed the case to federal court, alleging that diversity jurisdiction existed. (Doc. 1 at 1-2, Exh. B, L, M, N). In particular, Defendants contended that they and Plaintiff were citizens of different states, and the subject real property had a fair market value of over $110,000. (Doc. 1 at 2).

In December 2010, Plaintiff filed the instant amended motion seeking remand of the case to state court. Plaintiff argues that because Defendants are citizens of Texas, the state in which this action was brought, they could not remove the case to federal court under the plain language of the removal statute, 28 U.S.C. § 1441. (Doc. 6). As an alternative, Plaintiff contends that removal was improper because the requisite amount in controversy has not been satisfied. Plaintiff additionally asks the Court to award it court costs, expenses, and attorneys' fees. (*Id.* at 2). Defendants have not responded to Plaintiff's motion.

## APPLICABLE LAW AND ANALYSIS

The federal district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). A suit originally filed in state court is removable to federal court as long as none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is commonly known as the "forum-defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009). Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed, except on the basis of lack of subject matter jurisdiction which can be raised at any time. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Defendants admit in their notice of removal that they are citizens of Texas. (Doc. 1 at 2). Because Defendants are citizens of Texas and have removed this case to a district court sitting in Texas, removal was improper under section 1441(b). Nevertheless, Plaintiff did not move to remand this case within 30 days of Defendants' filing of their notice of removal. Because the forum-defendant rule is procedural rather than jurisdictional in nature, Plaintiff waived its right to contest removal on this basis because it filed its remand motion more than 30 days after Defendants filed their notice of removal. *Exxon Chemical Fire*, 558 F.3d at 392-93 (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)).

Turning next to Plaintiff's argument about the amount of controversy in dispute, Plaintiff contends that the $75,000 jurisdictional amount is not satisfied because, under Texas law, the value at stake is the right to occupy the property, not the monetary value of the property itself. Because Defendants did not assert that the rental value of the property would exceed $75,000, Plaintiff contends that this Court lacks jurisdiction.

Plaintiff filed the underlying action in this case under Texas law for forcible detainer, wherein Plaintiff sought judgment against Defendants for possession of the premises, reasonable rent for the period since the foreclosure sale, and costs. (Doc. 1 at Exh. E). Although Defendants apparently were owners of the property in dispute at some point, according to the complaint, title has now vested in Plaintiff bank. Thus, the provisions of Chapter 24 apply to the instant suit insofar as Defendants essentially would be classified as permissive tenants whose right to possession is inferior to that of Plaintiff. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App. - Houston [1st Dist.] 2006). Forcible detainer of a tenant for non-payment of rent is governed by Chapter 24 of the Texas Property Code. Tex. Prop. Code

§ 24.002.

Texas Rule of Civil Procedure 746 provides that in forcible detainer actions, the only issue is the right to actual possession, and the merits of title cannot be adjudicated. Thus, an action for forcible detainer is brought for the sole purpose of determining who is entitled to immediate possession of the premises. *Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex. Civ. App.-- Corpus Christi 1978). Section 24.0051 of the Texas Property Code provides that a landlord may sue for physical possession of the premises and unpaid rent. Additional damages are not available in a forcible detainer action. *Russell v. American Real Estate Corp.*, 89 S.W.3d 204, 212 (Tex. App.-- Corpus Christi 2002); *see also* TEX. R. CIV. P. 752 (providing that a party in a forcible detainer action is permitted to recover his damages suffered for the withholding of the premises during the pendency of any appeal and noting that damages include the loss of rental income during the pendency of the appeal and reasonable attorneys' fees ).

In the case at bar, Plaintiff is suing for possession of the premises, reasonable rent for the period since the foreclosure sale, and costs. (Doc. 1 at Exh. E). Plaintiff states that the damages it seeks do not exceed the $75,000 jurisdictional limit, and Defendants have produced no evidence or argument to the contrary. *See St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists). Accordingly, because the jurisdictional amount in dispute has not been satisfied in this case and no other basis for federal court jurisdiction is alleged or otherwise apparent from the pleadings, this Court lacks jurisdiction.

## CONCLUSION

Therefore, Plaintiff's *Amended Motion to Remand* (Doc. 6) should be **GRANTED** and Plaintiff's *Motion to Remand* (Doc. 5) should **DENIED AS MOOT**. Should it choose to do so, Plaintiff may file a separate motion, in compliance with applicable rules, seeking an award of attorneys' fees and costs.

**SO RECOMMENDED** on January 31, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE